IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MIKE'S TRAIN HOUSE, INC.,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-09-2657 |
| **BROADWAY LIMITED IMPORTS, LLC,** *et al.*, | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Mike's Train House, Inc. ("Plaintiff") brought this suit against Broadway Limited Imports, LLC ("Defendant")[1] for alleged infringement of U.S. Patents Nos. 6,457,681 ("'681") and 6,655,640 ("'640") (Compl. 3-4, ECF No. 1). Defendant counterclaimed for a declaratory judgment that the patents are invalid. (Answer 10-12, ECF No. 10). Defendant has now moved for a stay of all proceedings pending *ex parte* reexamination of these patents in the United States Patent and Trademark Office ("PTO"). (Def.'s Mot. Stay, ECF No. 74). The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons set forth below, Defendant's Motion To Stay Proceedings (ECF No. 74) is DENIED.

*I. Background*

Plaintiff and Defendant are direct competitors in the design and sale of model trains. (Pl.'s Am. Resp. 1, ECF No. 82). Plaintiff holds the rights to two patents, '681 and '640, which are directed to an electronic system for synchronizing the sound, smoke, and wheel rotation on

---

[1] Plaintiff also sued Broadway's president and sole shareholder, Robert Grubba. This Court dismissed the case against Grubba for want of personal jurisdiction, and a motion to amend the complaint in order to establish jurisdiction is now pending. For simplification, the Court refers solely to Defendant Broadway throughout this memorandum.

1

model trains using a microprocessor. *Id* at 2. Plaintiff alleges that Defendant infringed these patents by intentionally copying the technology and selling trains using a similar system. *Id* at 2-3. Specifically, Plaintiff alleges infringement of Claims 4 and 5 of the '681 patent and 1,2, and 6-14 of the '640 patent. (Pl.'s Mot. Leave Am. Compl. 1, ECF No. 55). Defendant contends that these patents are invalid because the technology was obvious in view of prior art when Plaintiff applied for them. (Answer 10-12).

A little more than a year after Plaintiff filed this suit, Defendant requested *ex parte* reexamination in the PTO of certain claims of the '681and '640 patents, including the claims that Plaintiff asserts in this case. (Pl.'s Am. Resp. 7). At that time, the parties had already engaged in extensive litigation, including discovery, filing of dispositive motions, and filing of claim construction documents. The PTO granted Defendant's requests and reexamination is currently pending. (Def.'s Mot. Stay 1); (Def.'s Notice Re: Mot. Stay, ECF No. 77). Defendant has therefore moved that the Court stay all proceedings in this case until the PTO has issued a ruling on the patent claims' validity. (Def.'s Mot. Stay). In the alternative, Defendant requests that the Court postpone ruling on this motion and stay this case until the PTO has issued its first action on the merits. (Def.'s Reply 2, ECF No. 89).

### *II. Standard of Review*

A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket, *Landis v. North American,* 299 U.S. 248, 254 (1936), but that discretion is not without limits. *In re Sacramento Mun. Utility Dist.*, 395 F.App'x 684, 687 (Fed. Cir. 2010). Before issuing a stay, a court must be satisfied that a pressing need exists, and that that need outweighs any possible harm to the interests of the non-moving party. *Id* at 687-88 (citing *Landis*, 299 U.S. at 255). Importantly, nothing *requires* a court to stay litigation simply because

the PTO grants reexamination. *Vikase Corp. v. Am. Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001). The two proceedings are independent of one another and may properly proceed in parallel and even reach different conclusions. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1427 (Fed. Cir. 1988). The decision to grant or deny a stay in that circumstance is committed to the court's discretion. *Vikase*, 261 F.3d at 1328.

### III. Analysis

This Court has previously joined with other jurisdictions in applying a three-factor test to determine whether it should stay patent infringement litigation when the PTO grants reexamination. *See Akzenta Paneele + Profile GmbH v. Unilin Flooring*, 464 F.Supp.2d 481, 484 (D. M.d. 2006). Those factors are: (1) the stage of the proceedings; (2) the likelihood of prejudice to the non-moving party; and (3) the likelihood that a stay would simplify issues at trial. *Id*.

Addressing these issues in turn, Defendant first claims that it is sufficiently early in the litigation to warrant a stay, because discovery is not yet complete and the Court has not set a trial date. (Pl.'s Mem. 3, ECF No. 81). While it is true that courts often focus on discovery and trial date as indicators of a case's ripeness, *Akzenta Paneele*, 464 F.Supp.2d at 484, Defendant's contention ignores the facts that this litigation has been going on for more than 16 months, that the parties have engaged in extensive motions practice, that discovery is well underway, that the parties have filed their joint claim construction statement and their claim construction briefs, and that a Markman hearing is scheduled to take place in less than a month. The Court finds that the parties' expenditures of time and resources and the immediate proximity of the Markman hearing weigh against granting a stay, not in favor of it. Other district courts have reached similar conclusions. *See, e.g., Wyeth v. Abbott Laboratories*, No. 09-4850 (JAP), 2011 WL 380902 (D.

3

N.J. 2011); *Streck v. Research & Diagnostic Systems*, No. 8:06CV458, 2007 WL 2344805 (D. Neb. 2007); *I-Flow v. Apex Medical Technologies*, No. 07cv1200 DMS (NLS), 2008 WL 2078623 (S.D. Cal. 2008).

Defendant next claims that a stay would not prejudice Plaintiff, because any damage it suffers in the interim can be compensated by money damages if it prevails at trial. (Def.'s Mem. 3-4). This argument, however, appears to be based on a misreading of this Court's previous order denying Plaintiff's motion for a preliminary injunction, which Defendant erroneously characterizes as "[finding] that MTH had an adequate remedy in damages." (Def.'s Reply 5). The Court found no such thing; what it found was that Plaintiff failed to carry its burden of proving irreparable harm under the standard for a preliminary injunction. (Memorandum Opinion 9, ECF No. 50). Here, it is Defendant who bears the burden of showing that Plaintiff will not be prejudiced.

Courts generally assume that a stay will be prejudicial where, as here, the plaintiff and defendant in an infringement suit are direct competitors. *See, e.g., Tesco Corp. v. Weatherford Intern.*, 599 F.Supp.2d 848, 851 (S.D. Tex. 2009). Furthermore, the Federal Circuit has recognized, contrary to Defendant's position, that it may sometimes be impossible to restore a patentee's original market share after years of infringement, because customers' business relationships and expectations will have changed. *Polymer Technologies v. Bridwell*, 103 F.3d 970, 975-76 (Fed. Cir. 1996). This possibility, if unsupported, may be insufficient to warrant granting an injunction, but, if un-rebutted, it *is* sufficient to weigh heavily against granting a stay. In light of this, the Court finds Defendant's glib assurance that it can compensate Plaintiff in damages to be less than compelling.

Next, Defendant argues that the PTO's ruling will simplify issues at trial, that this Court will benefit from the PTO's "technical expertise," and that judicial resources will be conserved in the event that the PTO invalidates or modifies any of the patent claims at issue in this case. (Def.'s Mem. 4-5). This Court has noted before, however, that the most common outcome of PTO reexamination is that most or all of the examined claims are upheld or amended,[2] but that that outcome does not prevent a defendant from continuing to assert invalidity in court. *Akzenta Paneele*, 464 F.Supp.2d at 486. Thus, even if the claims are narrowed in scope, as Defendant suggests is likely, their validity will still be an issue for this Court to resolve. In that event, few issues would be simplified, and few resources conserved, by waiting. *Id.*

Furthermore, the average pendency of reexamination proceedings is just over two years, and an appeal, available as of right, extends the time to just over four years. (Pl.'s Resp. 10). Courts have long observed that as time passes, cases can become more difficult to try because witnesses relocate, documents are lost, and memories fade. *See, e.g., Brumbaugh v. Princeton Partners*, 985 F.2d 157, 162 (4th Cir. 1993). This observation further undercuts the assertion that a stay will simplify issues at trial. Thus, because of the risks inherent in a delay of this magnitude, and because of the remoteness of the possibility that the patent claims at issue will be cancelled, the Court finds that the simplification factor does not weigh in favor of staying this case.

Finally, Defendant argues that it will be prejudiced if the Court does not grant a stay, because if it loses at trial and is compelled to pay damages, it will not be able to obtain a refund of those damages if the PTO subsequently holds the patent claims invalid. (Def.'s Reply 6).

---

[2] Indeed, current statistics provided by Plaintiff reveal that where a third party (i.e., someone other than the patent holder) seeks *ex parte* reexamination, there is only a 13% chance that the PTO will cancel all claims, leaving an 87% chance that at least one claim will survive. (USPTO *Ex Parte* Reexamination Filing Data – December 31, 2010, ECF No. 80, Ex. B).

5

Defendant claims that this scenario is "overwhelmingly likely." *Id*. This prediction is based on adding the percent chance that the PTO will cancel all claims (13%) and the percent chance that it will modify claims (63%), coupled with an inference that a modified claim must be narrower than the original, since by law the PTO cannot expand any claim on reexamination. *Id* at 7. Thus, Defendant calculates a 76% chance that the PTO will either cancel or narrow the patent claims in this case, making it less likely that defendant's conduct will constitute infringement of those claims. *Id*.

Even taking at face value Defendant's rather extravagant assumption that any modification of the patent claims in this case by the PTO would have the effect of reducing their liability for infringement, it should be obvious that such a risk cannot constitute prejudice sufficient to warrant a stay of litigation. If it were, then courts would be required to stay every patent infringement suit where the PTO granted reexamination, since the statistics Defendant cites presumably apply to all cases. That outcome would be plainly inconsistent with the well-settled understanding that infringement litigation and reexamination are independent proceedings that may properly occur simultaneously, *Ethicon*, 849 F.2d at 1427, and that granting or denying a stay is a matter of discretion with the court, not a compulsion. *See Landis,* 299 U.S. at 254.

Perhaps more telling, however, is the fact that Defendant waited more than a year after this case began to request reexamination. Other courts have found, and this Court agrees, that an "inexplicable or unjustified" delay in requesting reexamination suggests a tactical motive, which is itself grounds for denying a stay. *See Ecolab, Inc. v. FMC Corp.*, No. 05-CV-831(JMR/FLN) at 2, 2007 WL 1582677 (D. Minn. 2007). Despite its protestations of good faith, Defendant has offered no explanation of why it waited so long after the filing of the case to seek reexamination. Even if Defendant is not engaged in dilatory tactics, the fact remains that it had ample

opportunity to request reexamination at earlier stages in this litigation, and the fact that it did not do so seriously undercuts its claim that it will be prejudiced if the Court does not grant a stay now. The Court thus finds Defendant's claim of prejudice unpersuasive.

Defendant requests in the alternative that the Court withhold ruling on this motion and stay the case until the PTO's first action on the merits, for which it claims the average pendency is only 4.7 months. (Def.'s Reply 2 n.1). The Court does not know, and Defendant does not explain, what the intended significance of the first action on the merits is, but it is clear that the PTO's decision will not be finalized until it issues a reexamination certificate, either when the time for appeal has expired or when all appellate proceedings are complete. *See* 35 U.S.C.A. § 307(a) (West 2011); *Standard Havens Products v. Gencor Industries*, 953 F.2d 1360, 1366 n.2 (Fed. Cir. 1991). The Court therefore does not see how this alternative form of relief would change the foregoing analysis.

## *IV. Conclusion*

For the foregoing reasons, the Court finds that all relevant factors in this matter weigh against a stay and in favor of proceeding with this case. Accordingly, an order shall enter denying Defendant's Motion To Stay Proceedings (ECF No. 74).

Dated: March 3, 2011 /s/
James K. Bredar
United States District Judge