IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MIKE'S TRAIN HOUSE, INC.,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-09-2657 |
| **BROADWAY LIMITED IMPORTS, LLC,** *et al.*, | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Mike's Train House, Inc. ("Plaintiff") brought this suit against Broadway Limited Imports, LLC ("BLI") and Robert Grubba ("Grubba") (Collectively "Defendants") for alleged infringement of U.S. Patents Nos. 6,457,681 ("'681") and 6,655,640 ("'640") (Compl. 3-4, ECF. No. 1). In subsequent pleadings, Plaintiff specified that the alleged infringement related only to claims 4 and 5 of the '681 patent and 1, 2, and 6-14 of the '640 patent. (Pl.'s Mot. Leave Am. 1, ECF No. 55). Additionally, this Court dismissed the case against Grubba for want of personal jurisdiction. (Mem. Op. 13, ECF No. 50). Plaintiff now moves for leave to file an amended complaint that will: (1) narrow its claims of infringement in accordance with its previous representations; and (2) allege facts sufficient to support personal jurisdiction over Grubba. (Pl.'s Mot. Leave Am). For reasons explained below, Plaintiff's Motion For Leave To File Amended Complaint (ECF No. 55) is GRANTED.

*I. Background*

Plaintiff and BLI are direct competitors in the design and sale of model trains. *See* (Compl. *passim*, ECF No. 1). Robert Grubba is BLI's president and controlling shareholder.

1

(Answer 2, ECF No. 10). Plaintiff holds the rights to two patents, '681 and '640, which are directed to an electronic system for synchronizing the sound, smoke, and wheel rotation on model trains using a microprocessor. (Prop. Am. Compl. at 4-6, ECF No. 55 Ex. 1). Plaintiff's original complaint alleged simply that Defendants infringed its patents by making and selling model trains using its electronic synchronization system, and that Grubba was aware of the existence of the patents, which made the alleged infringement willful. (Compl. 4, 7).

BLI responded to Plaintiff's complaint, *inter alia*, by filing a counterclaim for a declaratory judgment of invalidity, on which it subsequently moved for summary judgment. (Answer 10-12); (Def.'s Mot. Summ. J., ECF No. 23). In support of its motion, BLI attacked the validity of numerous claims of the '681 patent. (Def.'s Mot. Summ. J. 2). But, in its response, Plaintiff stated that the alleged infringement of the '681 patent was limited to claims 4 and 5, and declared it would not sue BLI for infringement of any other claims of that patent based on its past or present conduct. (Pl.'s Resp. Summ. J. 15, ECF No. 30). Plaintiff also specified that it asserted infringement of claims 1, 2, and 6-14 of the '640 patent. *Id* at 22. On that basis, Plaintiff moved to strike portions of BLI's counterclaim that related to any claims of the '681 patent other than claims 4 and 5. *Id*. This Court granted the motion, finding that Plaintiff's agreement not to sue on the other claims disposed of any case or controversy as to those claims, and therefore removed the Court's jurisdiction to issue a declaratory judgment on their validity. (Mem. Op. 20-23).

Grubba responded to Plaintiff's complaint by filing a motion to dismiss, alleging lack of personal jurisdiction and improper venue. (Def.'s Mot. Dismiss, ECF No. 13). This Court granted the motion, finding that Plaintiff failed to allege any facts demonstrating that Grubba had the requisite minimum contacts with Maryland, and that Plaintiff's case against Grubba rested solely on the unsupported allegation that he was Broadway's *alter ego*. (Mem. Op. 12).

Plaintiff's Proposed Amended Complaint attempts to establish jurisdiction over Grubba by alleging that he induced BLI's infringement (rather than directly infringing the patents himself), by personally copying Plaintiff's patented synchronization system, arranging for the manufacture of BLI trains using the system, and arranging for their sale by Maryland distributors. (Prop. Am. Coml. 10, 13, ECF No. 55, Ex. A)

## II. Standard of Review

Leave to amend a complaint should be "freely give[n] where justice so requires." Fed. R. Civ. P. 15(a)(2). But, a district court may deny leave if the amendment would prejudice the opposing party, if the moving party has acted in bad faith, or if the amendment would be futile. *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). If a district court chooses to deny leave, it must give justifying reasons. *See id* (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

## III. Analysis

### A. Limitation of Claims

Defendants do not oppose Plaintiff's proposed amendment to narrow its claims of infringement to claims 4 and 5 of the '681 patent and 1, 2, and 6-14 of the '640 patent. (Def.'s Resp. 1, ECF No. 56). Therefore, an order shall enter granting leave to Plaintiff to make such amendment.

### B. Personal Jurisdiction Over Robert Grubba

The Court first notes that Defendants do not claim that Plaintiff's motion is in bad faith. *See* (Pl.'s Resp. 2). And, while Grubba alleges that he would be prejudiced by an amended complaint, that claim is based solely on the fact he would "have to re-litigate this issue, at a cost of both time and money." *Id.* In general, an amendment is prejudicial if it raises new factual issues, not previously considered by the non-moving party, shortly before trial. *See Laber*, 438 F.3d at 427. Since Plaintiff's proposed amendments would merely elaborate on factual and legal

3

disputes that the parties have already litigated, and since no trial date has been set in this case, Grubba would not be prejudiced under this standard.

Rather, Defendants' main contention is that the amendment would be futile. (Def.'s Resp. 3). In this jurisdiction, an amendment is futile if it could not withstand a motion to dismiss. *Perkins v. U.S.*, 55 F.3d 910, 917 (1995). Therefore, the Court will evaluate the sufficiency of Plaintiff's proposed amendment under the standard of Federal Rule of Civil Procedure 12(b)(6). Under that standard, the Court must take all well-pled allegations as true and construe them in the light most favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). A complaint need not contain detailed factual allegations, but if the plaintiff fails to allege enough facts to make the claim appear "plausible on its face," then the Court must dismiss the complaint. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).

In its Proposed Amended Complaint, Plaintiff claims that Grubba induced BLI to infringe its patents. (Prop. Am. Compl. 16-18). The factual allegations supporting that claim are: (1) Grubba is BLI's president, chief engineer, and sole shareholder; (2) BLI has few employees and few, if any, assets; (3) Grubba personally owns the real estate where BLI operates; (4) Grubba personally designs BLI's trains, arranges for their manufacture in South Korea, and arranges for their distribution in the U.S.; (5) E-mails from Grubba show that he was aware of Plaintiff's new system when it was released in 2000; (6) As a long-time engineer in the model train industry, Grubba was aware of patents issued in that field, including the '681 and '640 patents; (7) Grubba copied Plaintiff's patented system, had it manufactured and installed on BLI's trains, advertised those trains on BLI's website, and caused BLI to sell the trains both on its website and through dealers in Maryland, among other places. *Id* at 2, 10, 13.

First, though Defendants do not dispute the issue, the Court notes that Plaintiff has pled sufficient facts to support its claim of inducement. Under 35 U.S.C.A. § 271(b), anyone who

4

actively induces patent infringement by another is himself liable for infringement. To plead a *prima facie* case of inducement, a plaintiff must show that the defendant knowingly, and with specific intent, induced another to infringe. *MEMC v. Mitsubishi*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)(citing *Minn. Mining & Mfg. v. Chemque,* 303 F.3d 1294, 1304-05 (Fed. Cir. 2002)). Where a defendant has knowledge of the patent(s) in question, the plaintiff need only show that the defendant intended to induce the specific acts constituting infringement. *Id* at 1378 n.4. The Court finds Plaintiff's allegation that Grubba was aware of its patents to be plausible in view of his extensive engineering experience in the model train industry. Likewise, in view of Grubba's sole ownership and control of BLI and the small size of its operation, Plaintiff's allegations of Grubba's personal involvement in the design, manufacture and sale of the allegedly infringing trains are also plausible. These facts, taken as true, demonstrate Grubba's knowledge of Plaintiff's patents and his intent to induce their infringement. Plaintiff has therefore pled a *prima facie* case of inducement against Grubba, which this Court finds would survive a motion to dismiss.

Defendants' main contention, however, is that this Court lacks personal jurisdiction over Grubba because the amendment fails to "allege *any* acts or omissions by Grubba *personally in Maryland*." (Def.'s Resp. 3). But, as discussed below, Federal Circuit[1] case law makes clear that in this case Plaintiff only has to show that exercising personal jurisdiction over Grubba comports with federal due process requirements; and the Court finds that Plaintiff has so shown.

Where a forum state's long-arm statute is co-extensive with the Due Process Clause of the U.S. Constitution, the Federal Circuit collapses the traditional two-part jurisdictional analysis into a single inquiry: whether the exercise of personal jurisdiction comports with due process.

---

[1] District courts should apply the precedents of the Federal Circuit when determining personal jurisdiction in patent cases. *See Patent Rights Protection v. Video Gaming Technologies*, 603 F.3d 1364, 1368 (Fed. Cir. 2010).

*See, e.g., Inamed v. Kuzmack*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). Since Maryland's highest court has construed the Maryland long-arm statute to "authorize the exercise of personal jurisdiction to the full extent allowable under the Due Process Clause," *Bond v. Messerman*, 895 A.2d 990, 999 (2006), this Court will apply the Federal Circuit's single due process test. The test requires that: (1) the defendant has purposefully directed its activities at residents of the forum; (2) the claim arises out of the defendant's activities with the forum; and (3) the assertion of personal jurisdiction is reasonable and fair. *Akro v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995). Plaintiff bears the burden of establishing the first two prongs, while defendant must prove the absence of the third. *Id*.

As to the first prong, the Federal Circuit has held that sending infringing products into a forum state through an established distribution channel is an activity purposefully directed at that state. *See, e.g., Beverly Hills Fan v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994). As discussed above, Plaintiff plausibly alleges that Grubba did precisely this by personally arranging to have distributors in Maryland stock and sell the allegedly infringing trains. (Prop. Am. Compl. 13). Taken as true, then, this fact demonstrates that Grubba purposefully directed his activities at Maryland.[2] As to the second prong, there is no question that Plaintiff's cause of action arises from these activities. Plaintiff has therefore satisfied its burden of establishing a *prima facie* case as to prongs one and two. Defendant, on the other hand, has made no serious attempt to show that jurisdiction would be unreasonable or unfair. As

---

[2] This is not, as both parties suggest, a case of imputing BLI's contacts to Grubba. Grubba established his own contacts with Maryland by allegedly arranging BLI's sales to Maryland distributors. And, contrary to Defendants' position, this result does not turn on finding that Grubba is BLI's *alter ego*. *See Orthokinetics Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565, 1578-70 (Fed. Cir. 1986) (citing *Power Lift, Inc. v. Lang Tools, Inc.,* 774 F.2d 478, 481 (Fed. Cir. 1985)) ("It is well settled that corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the corporate officer").

already noted in this memorandum, the only prejudice Grubba alleges is the time and cost of defending this suit, which are burdens inherent in any litigation, regardless of the forum.

Therefore, the Court finds that Plaintiff's Proposed Amended Complaint would survive a motion to dismiss for lack of personal jurisdiction.

*C. Venue*

Finally, Defendants argue that Plaintiff's proposed amendment would be futile because, even if this Court has personal jurisdiction over Grubba, venue would be improper. (Def.'s Resp. 6). Ordinarily, where an individual defendant is charged with patent infringement, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C.A. § 1400(b) (West 2011). For corporate defendants, venue is proper anywhere the corporation is subject to personal jurisdiction. 28 U.S.C.A. § 1391(c) (West 2011); *VE Holding Corp. v. Johnson Gas Appliance,* 917 F.2d 1574 (Fed. Cir. 1990).

The question of proper venue as to individual officers charged with liability for corporate infringement was resolved by the Federal Circuit in *Hoover Group v. Custom Metalcraft*, 84 F.3d 1408 (Fed. Cir. 1996). There, the defendant had been charged both with inducement and with liability for his company's direct infringement. *Id* at 1410. The plaintiff had further alleged that the defendant "was the president, chief executive officer, and principal shareholder" of the corporation, and that he "made all major decisions concerning the business involved in [the] lawsuit." *Id*. The Federal Circuit held that the allegations regarding the defendant's "ownership, control, and active management of the corporation" supported applying corporate venue rules, regardless of the legal theory asserted and regardless of the fact that the trial court did not pierce the corporate veil. *Id* at 1410-1411. Likewise, Plaintiff has here alleged that Grubba owns, controls, and actively manages BLI. Specifically, the Proposed Amended Complaint alleges that

7

Grubba "is the president, chief engineer, and sole shareholder of [BLI]" and that he "controls [BLI] by designing the trains, arranging for their manufacture in South Korea, and arranging for their distribution in the U.S." (Prop. Am. Compl. 2, 10). Since these allegations match those that the *Hoover* court found to support the application of corporate venue rules to an individual officer, this Court finds that Grubba may likewise be held to the same venue provisions as his corporation, BLI. Since it is undisputed that this Court has personal jurisdiction over BLI, the Court finds that the District of Maryland is a proper venue as to both BLI and Grubba. *See* 28 U.S.C.A. § 1391(c).

Because Plaintiff's Proposed Amended Complaint provides sufficient bases for both personal jurisdiction and venue as to Grubba, the Court finds that the complaint would survive a motion to dismiss, and would thus not be futile.

## IV. Conclusion

Because Defendants have not demonstrated that Plaintiff has acted in bad faith or that the proposed amendment would be prejudicial or futile, the Court finds no basis for denying Plaintiff leave to amend. For these reasons, an order shall issue, granting Plaintiff's Motion For Leave To File Amended Complaint (ECF No. 55).

Dated: March 8, 2011                                /s/
                                                    James K. Bredar
                                                    United States District Judge