# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MIKE'S TRAIN HOUSE, INC.,** | * | |
| **Plaintiff** | * | |
| v. | * | CIVIL NO. JKB-09-2657 |
| **BROADWAY LIMITED IMPORTS, LLC,** *et al.*, | * | |
| | * | |
| **Defendants** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Mike's Train House, Inc. ("Plaintiff") brought this suit against Broadway Limited Imports, LLC ("BLI") for alleged infringement of U.S. Patents Nos. 6,457,681 ("'681") and 6,655,640 ("'640"), and against Robert Grubba ("Grubba") for allegedly inducing BLI's infringement. (Am. Compl. 16-18, ECF No. 95). BLI now moves to bifurcate this case into separate trials for liability and damages, to stay discovery as to damages, and to postpone any determination of willfulness until the Court has entered a judgment on liability. (Def.'s Mot. Bifurcate, ECF No. 61). For reasons explained below, BLI's motion is GRANTED IN PART as to bifurcation and postponement of any willfulness determination, and DENIED IN PART as to a stay of damages discovery. Additionally, on its own motion, the Court postpones any trial of Grubba's liability for inducement until a judgment is entered on BLI's liability for infringement. All issues will be tried to one jury.

*I. Background*

Plaintiff and BLI are direct competitors in the design and sale of model trains. (Am. Compl. 11, ECF No. 95). Robert Grubba is BLI's president and controlling shareholder. (Answer 2, ECF No. 10). Plaintiff holds the rights to two patents, '681 and '640, which are directed to an electronic

system for synchronizing the sound, smoke, and wheel rotation on model trains using a microprocessor. (Am. Compl. 4-6). Plaintiff's original complaint alleged that both BLI and Grubba willfully infringed these patents by selling model trains that incorporated the patented system. (Compl., ECF No. 1). Grubba filed a motion to dismiss for want of personal jurisdiction, which this Court granted. (Order, ECF No. 51). BLI filed a counterclaim for a declaratory judgment of invalidity and a motion for summary judgment. (Answer 10-12); (Def.'s Mot. Summ. J., ECF No. 23). The Court denied summary judgment and issued a scheduling order for the completion of discovery. (Order, ECF No. 51); (Scheduling Order, ECF No. 54).

This Court's scheduling order directed the parties to complete all non-expert discovery by October 15, 2010. (ECF No. 54). On June 21, 2010, Plaintiff served a set of interrogatories, document requests, and requests for admission on BLI. (Pl.'s Resp. 3, ECF No. 62). BLI requested an extension of time to respond until July 28, 2010, to which Plaintiff agreed, apparently on the express understanding that BLI would use the additional time to produce the requested discovery, and not to pursue a discovery dispute. *Id.* On July 28, BLI furnished only some of the requested discovery, and simultaneously filed this motion, seeking to bifurcate the trial of this case, to stay damages discovery, and to postpone any determination of willfulness until the issue of liability has been tried. *Id.*

Since BLI filed this motion, the case has progressed significantly: the parties have completed non-expert fact discovery, leaving only expert depositions and damages discovery to be done; they have also submitted a joint claim construction chart and their respective claim construction briefs, and a Markman hearing is scheduled to take place in a matter of days; most significantly, Plaintiff has filed an amended complaint, successfully bringing Grubba back into the case by establishing this Court's personal jurisdiction. (Am. Compl.). Importantly, Plaintiff's amended complaint does not charge Grubba with directly infringing Plaintiff's patents, but instead

with inducing BLI's infringement by virtue of his sole ownership and control of the company. Plaintiff also asserts that it is entitled to treble damages on the grounds that BLI's alleged infringement was willful.

## II. Standard of Review

Federal Rule of Civil Procedure 42(b) gives district courts broad discretion to order separate trials of one or more issues in a case for reasons of "convenience, to avoid prejudice, or to expedite and economize," so long as any federal right to a jury trial is preserved. *See* Fed. R. Civ. P. 42(b) (West 2010); *Shum v. Intel Corp*. 499 F.3d 1272, 1276 (Fed. Cir. 2007). As a general matter, however, bifurcation in civil cases is the exception, not the rule. *Cherdak v. Stride Rite Corp.*, 396 F.Supp.2d 602, 604 (D. Md. 2005). The court's discretion should be guided foremost by the consideration of "which procedure is more likely to result in a just and expeditious final disposition of the litigation." *See* 9A CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2388 (3rd ed. 2010).

## III. Analysis

BLI presents essentially two grounds for bifurcating this case: first, that a single trial would be inefficient and overly burdensome on the parties and on the court; and, second, that BLI would be prejudiced in a single trial because it would have to choose between presenting an advice of counsel defense and maintaining its attorney client privilege. (Def.'s Mem. Bifurcate 7-8, 11, ECF No. 61, Attach. 1). As discussed below, the Court agrees that the potential prejudice to both BLI and Grubba warrants separating the issue of infringement, which is a purely objective determination, from the issues of willfulness and inducement, which involve inquiries into Defendants' states of mind. The Court therefore does not reach BLI's other arguments for bifurcation.

In *Quantum Corp. v. Tandon Corp.* the Federal Circuit observed that by trying issues of liability and willfulness together, accused infringers are placed in a dilemma: on one hand, they may present an advice of counsel defense to avoid a finding of willfulness (the requisite finding for treble damages), but in so doing they must waive their attorney-client privilege and risk being prejudiced on the issue of liability; on the other hand, they may retain the privilege, but must then forego their best defense to willfulness. 940 F.2d 642, 643-44 (Fed. Cir. 1991). Since Plaintiff has requested treble damages, and must therefore prove that BLI's infringement was willful to so recover, BLI will face this dilemma if the Court does not bifurcate trial of this case. Indeed, the dilemma is even more pronounced here, because Plaintiff's theory of liability as to Grubba, inducement, requires a showing of intent that is similar to the standard for willfulness.[1] Grubba will therefore have a strong incentive to assert an advice of counsel defense as to his own liability. Since Grubba *is* BLI for all intents and purposes, his assertion of the defense would have the same prejudicial effect on BLI as if BLI had asserted the defense itself. Grubba would thus have to choose between effectively defending on the issue of his own liability, and shielding his company from prejudice on the issue of its liability.

Plaintiff counters that the so-called *Quantum* dilemma has been alleviated by a subsequent Federal Circuit decision, *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, which held that a fact-finder could not draw an adverse inference from a defendant's "failure to obtain or produce an exculpatory opinion of counsel." 383 F.3d 1337, 1341 (Fed. Cir. 2004). For support, Plaintiff cites *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, in which a district court found that

---

[1] The Federal Circuit's newly established standard for willfulness is "objective recklessness," which requires a showing that the infringer "knew or should have known" of "an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Technology,* 497 F.3d 1360, 1368 (Fed. Cir. 2007). The standard for inducement, on the other hand, is specific intent. But, the Federal Circuit has defined the burden of proof of intent as a showing that "the alleged infringer's actions induced infringing acts *and* that he knew or should have known his actions would induce actual infringements." *DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (quoting *Manville Sales Corp. v. Paramount Systems*, 917 F.2d 544, 553 (Fed. Cir. 1990)).

4

the Federal Circuit's elimination of the adverse inference had diminished the prejudice associated with the *Quantum* dilemma, such that bifurcation was no longer necessary. 431 F.Supp.2d 834 (N.D. Ill. 2006).

Even without an adverse inference, Defendants in this case would still be significantly prejudiced if infringement, inducement, and willfulness were tried simultaneously. In particular, if Defendants assert advice of counsel, they will be compelled to disclose attorney work-product, which may contain legal theories relevant to the litigation. Additionally, a jury that has been exposed to evidence and arguments that Defendants behaved badly may be less objective in deciding the issue of infringement. On the other hand, the Court finds it implausible that Defendants would forego an advice of counsel defense, and unreasonable to require them to do so in order to avoid prejudice. The Court therefore agrees that Defendants' mental states should be tried separately from the issue of infringement. But, because Grubba's mental state is a determining factor of his liability for inducement, the Court cannot neatly divide liability from damages, as BLI requests. Instead, BLI's liability for infringement will have to be tried first, followed by (if necessary) the combined trial of Grubba's liability for inducement, BLI's willfulness, and damages.

BLI also requests that this Court grant a stay of damages discovery on the grounds that Plaintiff's discovery requests will be costly to produce, and may not be necessary if the jury returns a verdict of non-infringement. (Def.'s Mem. Bifurcate 7-8). Specifically, BLI alleges that Plaintiff has requested documents relating to BLI's revenue and profits over the last seven to ten years, and to the identity of its suppliers, manufacturers, distributors, and customers, and that complying with Plaintiff's requests would require BLI to produce hundreds of documents, which it would have to manually restore from old backup tapes. *Id*. The Court finds nothing extraordinary about these requests; indeed, it is unclear how they differ from discovery requests in garden-variety commercial litigation. The Court therefore sees no reason to risk delaying the ultimate resolution of this case by

5

inserting a second discovery period between the two trials. BLI's motion to stay damages discovery, therefore, will be denied.

Since there will be no need to postpone the second trial if the jury finds infringement, the Court also sees no reason to empanel a second jury. Instead, all issues will be tried to one jury in two consecutive phases.[2][3] In the first phase, the jury will consider the sole question of whether BLI infringed Plaintiff's patents. If the jury decides that BLI did infringe the patents, then the trial will immediately proceed to the second phase, in which the same jury will consider BLI's willfulness, Grubba's liability for inducement, and damages.

## *IV. Conclusion*

For the foregoing reasons, an order shall issue granting in part and denying in part Defendant's MOTION TO BIFURCATE LIABILITY AND DAMAGES ISSUES, TO STAY DISCOVERY AS TO DAMAGES, AND TO POSTPONE ANY WILLFULNESS DETERMINATION TO ANY DAMAGES PHASE OF THE CASE (ECF No. 61).

Dated this 17th day of March, 2011        BY THE COURT:

                                                               /s/
                                                      James K. Bredar
                                                      United States District Judge

---

[2] Although Plaintiff claims that this arrangement is fundamentally different from the bifurcation BLI requests, the Court has been unable to locate any authority to support that position. Instead, it appears that sequencing a trial into different phases before the same jury is considered ordering separate trials under Rule 42(b). *See* CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2390, n.21 (3rd ed. 2010). Plaintiff also writes that the question of sequencing "can only be addressed shortly before trial, on an actual record of the proposed trial evidence." (Pl.'s Resp. 9, ECF No. 62). The Court is likewise unable to locate any authority for this position. Indeed, the very case that Plaintiff cites in this portion of its response demonstrates that district courts order trial sequencing when ruling on motions to bifurcate. *See Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 114 (E.D. La. 1992).

[3] Additionally, trying the issues to a single jury will alleviate Plaintiff's concerns about preserving its Seventh Amendment rights. (Pl.'s Resp. 8); *See Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995).