IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MIKE'S TRAIN HOUSE, INC.,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-09-2657 |
| **BROADWAY LIMITED IMPORTS, LLC,** *et al.*, | * | |
| | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Mike's Train House, Inc. ("Plaintiff") brought this suit against Broadway Limited Imports, LLC ("BLI") for alleged infringement of U.S. Patents Nos. 6,457,681 ("'681") and 6,655,640 ("'640"), and against Robert Grubba ("Grubba") for allegedly inducing BLI's infringement. (Am. Compl. 16-18, ECF No. 95). Defendants have raised affirmative defenses and counterclaims against Plaintiff for alleged inequitable conduct before the United States Patent and Trademark Office ("PTO"). Plaintiff now moves to strike these pleadings. (Pl.'s Mot. Strike, ECF No. 107). Defendants oppose Plaintiff's motion, and, in the alternative, move for leave to file an amended answer. (Def.'s Resp. Strike & Mot. Amend, ECF No. 111). The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons set forth below, Plaintiff's Motion To Strike (ECF No. 107) is GRANTED IN PART and DENIED IN PART, and Defendants' Motion For Leave To Amend (ECF No. 111) is DENIED.

### I. BACKGROUND

Plaintiff and BLI are direct competitors in the design and sale of model trains. Robert Grubba is BLI's president and controlling shareholder. Plaintiff holds the rights to two patents,

1

'681 and '640, which are directed to an electronic system for synchronizing the sound, smoke, and wheel rotation on model trains using a microprocessor.

On October 13, 2009, Plaintiff filed a complaint against Defendants in this Court for alleged infringement of the '681 and '640 patents. Plaintiff amended its complaint on March 9, 2011, after extensive discovery and motions practice. (Am. Compl., ECF No. 95). Defendants filed an answer to the amended complaint that included affirmative defenses and a counterclaim for a declaratory judgment of invalidity, alleging, *inter alia*, that Plaintiff engaged in inequitable conduct before the PTO by withholding relevant prior art during patent prosecution. (Ans. Am. Compl. ECF No. 100). The first and second affirmative defenses read:

> Plaintiff and/or its predecessors-in-interest have committed acts amounting to inequitable conduct, rendering the ['640/'681] Patent invalid and/or unenforceable by making misrepresentations and omissions of material fact to the U.S. Patent and Trademark Office ("PTO") with the intent to deceive. Specifically, Plaintiff and/or its predecessors were obligated to provide to the PTO all material which it knew to be material to patentability – pursuant to the provisions of 37 C.F.R. § 1.56. In direct contravention of this duty, Plaintiff deliberately withheld information which clearly would have demonstrated that it did not invent subject matter claimed in the ['640/'681] Patent and instead copied that material from others.

*Id* at 11. The pertinent allegations in Count I of Defendants' counterclaim reads:

> 11. MTH was aware of highly relevant prior art in the model train industry that specifically disclosed claims 4 and 5 of the '681 Patent. The relevant prior art was published over 1 year prior to MTH filing the application which became the '681 Patent.
> 12. MTH knowingly withheld the relevant prior art from the U.S. Patent and Trademark Office to avoid rejection of the '681 Patent.
> 13. Therefore, MTH committed fraud upon the USPTO.

*Id* at 15. Count II contains identical language with regard to claims 1, 2, and 6-14 of the '640 Patent. *Id* at 16.

Plaintiff now moves to strike the affirmative defenses and counterclaims on the grounds that they fail to meet the heightened pleading standards for inequitable conduct established by

the Court of Appeals for the Federal Circuit. (Pl.'s Mot. Strike). Defendants oppose the motion, but, in the alternative, move for leave to file an amended answer to set out the facts of the alleged inequitable conduct in more detail.

Defendants' proposed amended affirmative defenses assert that Mike Wolf and/or David Krebiel of Mike's Train House knowingly withheld the following prior art references during the prosecution of the '681 and '640 patents: (1) a book entitled *Digital Command Control: the comprehensive guide to DCC*, by Stan Ames, *et al.* (the "Ames Book"); (2) a 1999 article in the model train trade magazine *O Gauge Railroading* containing an interview with Robert Grubba (the "OGR Article"); and, (3) "material information regarding the Digital Command Control ("DCC") standard adopted by the National Model Railroading Association ("NMRA")." *Id*. The amendments then explain in detail how each of these prior art references allegedly disclose various claims and limitations in the '681 and '640 patents.

The proposed amended counterclaims contain mostly the same factual allegations as the affirmative defenses. But, in addition, they assert that: (1) the technology adapted by the NMRA as part of its DCC operating standard was "well known in the field of model railroading" when Plaintiff filed the '681 and '640 patents; (2) "MTH was aware of this publication [the Ames Book] and the DCC standard at the time of filing and prosecuting the ['681/'640] patent."; and, (3) Plaintiff was aware of the OGR article when it prosecuted the patents, because the article appeared in an O-gauge trade publication and because Plaintiff "viewed Lionel as a key competitor and would have read and evaluated the OGR Article." *Id* at 20-22, 24-25.

## II. STANDARD OF REVIEW

### A. Motion To Strike – Fed. R. Civ. P. 12(f)

Fed. R. Civ. P. 12(f) permits district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions under Rule 12(f) are generally disfavored and should be granted infrequently. *Waste Management Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores*, 227 Fed. App'x. 239, 247 (4th Cir. 2007). "Nevertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." 5C FED. PRAC. PROC. CIV. § 1380, 647 (3d ed. 2011). Furthermore, "the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations," i.e., those that "improperly cast a derogatory light on someone." *Id* at § 1382. The decision to grant or deny a motion under Rule 12(f) is discretionary. *Renaissance Greeting Cards,* 227 Fed. App'x. at 246.

### B. Pleading Inequitable Conduct - Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 9(b) requires a party alleging fraud or mistake to plead the factual circumstances with particularity, but allows "conditions of a person's state of mind," such as intent and knowledge, to be alleged generally. Whether a party has pled inequitable conduct with the requisite particularity under Rule 9(b) is a question governed by the law of the Federal Circuit. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009). The Federal Circuit requires a party to identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id* at 1327. These elements must be supported with "particularized factual bases"; a pleading that "simply avers the substantive elements of inequitable conduct" is insufficient. *Id* at 1326-27. Further, "although

knowledge and intent may be averred generally," the pleadings must allege "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id* at 1327.

### C. Leave to Amend Pleadings - Fed. R. Civ. P. 15(a)(2)

If a party is not entitled to amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), Fed. R. Civ. P. 15(a)(2) requires him to obtain either the written consent of the opposing party or leave from the court before filing an amended pleading. The rule instructs district courts to "freely give leave where justice so requires." A district court may deny leave, however, if: (1) the amendment would prejudice the opposing party; (2) the moving party has acted in bad faith; or, (3) the amendment would be futile. *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). The decision to grant or deny leave is within the district court's discretion; however, if a court chooses to deny leave, it must give justifying reasons. *See Laber*, 438 F.3d at 426 (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

### III. ANALYSIS

Plaintiff styles its motion as one to "strike... affirmative defenses and counterclaims pursuant to F.R.CIV.P. 9(b)," and requests specifically that "the first and second affirmative defense, and Counterclaims I and II, should be stricken with prejudice." (Pl.'s Mot. Strike 6). Rule 9(b), however, merely provides the pleading standard for claims of fraud and mistake. Motions to strike are authorized by Rule 12(f), but only to challenge insufficient defenses or to remove "redundant, immaterial, impertinent, or scandalous matter" from a pleading. They are "neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint, or a counterclaim." 5C FED. PRAC. PROC. CIV. § 1380 (3d ed. 2011). Dismissal of a complaint or counterclaim for inadequate pleading must be sought through a motion to dismiss for failure to

state a claim under Rule 12(b)(6). Defendants' counterclaims are for declaratory judgments that the '681 and '640 patents are invalid on several grounds. Plaintiff, however, has addressed only those portions alleging inequitable conduct, and has not attempted to show that the pleading, as a whole, fails to state a claim of invalidity. Therefore, Plaintiff's motion must be denied as to all parts of Defendants' counterclaims not alleging inequitable conduct. The Court will treat the remainder of Plaintiff's motion as one seeking to strike Defendants' first and second affirmative defenses as "insufficient," and allegations of inequitable conduct in Defendants' counterclaims as "scandalous matter" pursuant to Rule 12(f).

The Court finds that Defendants' allegations of inequitable conduct, in their current form, plainly do not meet the Federal Circuit's standard of particularity. They do nothing more than recite the generic elements of the defense, and contain no "particularized factual bases" whatsoever. *See Exergen*, 575 F.3d at 1326-27. Defendants have moved, in the event of this finding, for leave to amend their answer to conform to the Federal Circuit's standard. Although leave to amend generally should be "freely given," the Court will deny leave if it finds that the proposed amended pleading would not cure the defects of the original, as amendment would then be futile. *See Arlin-Golf, LLC v. Village of Arlington heights*, 631 F.3d 818, 823 (7th Cir. 2011).

After reviewing Defendants' proposed amendments, the Court finds that the new factual allegations are insufficient to cure the deficiency of the original pleading. Specifically, the proposed amendments do not adequately plead the elements of knowledge or intent under the *Exergen* standard. First, Defendants have provided an insufficient basis for inferring that Mike Wolf or David Krebiel had the requisite knowledge. The only facts Defendants allege in this regard are that: the NMRA's DCC operating standard was "extremely well known" in the model train industry; that Plaintiff "actually advertised in the relevant issue [of OGR],"; and, that

6

Plaintiff "would have read and evaluated the OGR article" because OGR is a publication "devoted to O scale trains, which MTH primarily manufactures," and because the title mentions "Lionel," whom Plaintiff "viewed... as a key competitor." *Id* at 21-22, 25. As to the Ames Book, Defendants have alleged no facts at all that would allow an inference that Plaintiff was aware of the reference.

At most, these allegations allow an inference that Wolf or Krebiel knew generally of the existence of the DCC standard and the OGR article. However, the Federal Circuit made clear in *Exergen* that such general knowledge is not sufficient to state a claim of inequitable conduct. Rather, the pleading must provide a basis to infer that a "specific individual, who owed a duty of disclosure... knew of the *specific information*" in the alleged prior art reference that is "alleged to be material to the claims" of the patent at issue. *Exergen*, 575 F.3d at 1330 (emphasis added). In *Exergen* itself, the Federal Circuit refused to draw this inference even where the accused party had omitted allegedly material disclosures in one of its own patents, a reference of which it clearly had actual knowledge. *Id*. Here, Defendants' allegations only minimally support an inference of general knowledge regarding the DCC standard and the OGR Article. They cannot, therefore, be sufficient to show knowledge of specific information contained in those sources.

Similarly, Defendants' allegations provide no basis to infer that Plaintiff acted with deceptive intent. Such an inference can be made only on facts suggesting a "deliberate decision to withhold a known material reference or to make a knowingly false misrepresentation." *Id* at 1331 (internal quotations omitted). Deceptive intent thus requires more than mere knowledge of the alleged omitted information, but also a subjective belief as to its materiality and a conscious decision to withhold it. *See id* at 1328 (citing *King Automotive*, 667 F.2d 1008 (Cust. & Pat. App. 1981)). Defendants' allegations, even if liberally construed, at most allow a conclusion that

7

Plaintiff was aware of the alleged prior art and did not disclose it in the course of prosecution. The allegations thus contain no facts from which this Court could infer that Plaintiff made any deliberate decision at all about whether to disclose or withhold that information from the PTO.

For these reasons, the Court finds that Defendants' proposed amendments would be futile, and leave to amend must therefore be denied.

## IV. CONCLUSION

Accordingly, an order shall enter GRANTING IN PART and DENYING IN PART Plaintiff's Motion To Strike (ECF No. 107) and DENYING Defendants' Motion For Leave To Amend (ECF No. 111).

Dated this 10th day of June, 2011

BY THE COURT:

/s/
James K. Bredar
United States District Judge